OPINION
This matter comes before the court as an appeal from the August 12, 1998, Judgment Entry of the Morgan County Court granting appellee James L. Musselman's Motion to Suppress. Plaintiff-appellant is the State of Ohio. The trial court, in its August 12, 1998, Journal Entry, specifically held as follows: "Based upon the evidence presented the court finds that the arresting officer lacked reasonable and articulable suspicion to initiate a stop while in the limits of the Village of McConnelsville. The court finds that the officer was not in hot pursuit and probable cause within the Village of McConnelsville and [sic] had not been formulated, therefore, Kettering v. Mollen, 64 Ohio State2d 232, does not apply. The evidence resulting from the traffic stop is suppressed."
At issue in this case is whether the McConnelsville Police Officer who arrested appellee on February 2, 1998, in the Village of Malta and charged appellee with driving under the influence and driving under suspension in violation of McConnelsville Ordinances 73.01 and 71.13(A) complied with R.C. 2935.03, which governs extraterritorial arrests. As is stated above, the trial court, in its August 12, 1998, entry granting appellee's Motion to Suppress, held that the arresting officer lacked reasonable and articulable suspicion to initiate a stop of appellee's vehicle while in the limits of the Village of McConnelsville and that "probable cause within the Village of McConnelsville had not been formulated." (Emphasis added.) However, whether or not the arresting McConnelsville police officer possessed articulable suspicion of criminal conduct or probable cause to arrest appellee while appellee was observed driving in McConnelsville is not dispositive of this appeal. See State v. Coppock (1995), 103 Ohio App.3d 405. As long as the traffic stop of appellee by the McConnelsville police officer does not violate the Constitution, any violation of R.C. 2935.03 does not preclude a subsequent prosecution and does not constitute a defense to a valid conviction. Id. Crim.R. 12(E) states, with respect to pretrial motions, such as appellant's Motion to Suppress, as follows: "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."
Neither in its August 12, 1998, Judgment Entry granting appellant's Motion to Suppress, nor on the record at the conclusion of the suppression hearing did the trial court state its essential findings of fact. Since the trial court in this matter did not issue any findings of fact in accordance with Crim.R. 12(E), this court is unable to determine whether the trial court believed that the arresting officer's stop of appellee violated the constitution. Specifically, the trial court did not issue any findings of fact or conclusions of law relative to whether appellant had presented sufficient facts to justify the stop of appellee's vehicle by the McConnelsville police officer in Malta or whether there was probable cause to arrest appellee in Malta.
Accordingly, the decision of the trial court is reversed and this matter is remanded for findings of fact and conclusions of law, and the issuance of a decision consistent with those findings and conclusions and consistent with this opinion.
By EDWARDS, J. HOFFMAN, P.J. and FARMER, J. concurs.